#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRELL HAMPTON | CRIMINAL ACTION<br>NO. 11-325 |

**PAPPERT, J.**                                                                                             **May 24, 2022**

#### MEMORANDUM

      In 2012, a jury convicted Terrell Hampton of being a felon in possession of a firearm. Judge Dalzell sentenced Hampton to 48 months imprisonment, 3 years of supervised release, a $100 special assessment and a $1,000 fine. In a *pro se* motion pursuant to 18 U.S.C. § 2255 (ECF 157), Hampton argues the Court should vacate his conviction and sentence under *Rehaif v. United States*, 39 S. Ct. 2191, 2200 (2020). That decision requires the Government to prove, in order to convict under 18 U.S.C. § 922(g), both that the defendant knew he possessed a firearm and was prohibited from doing so.

      The Court denies Hampton's motion and will not issue a certificate of appealability because Hampton is serving a sentence different from the one he seeks to set aside and his motion, in any event, is untimely.

I

      On May 12, 2011, Secret Service Agents searched the home at 5357 Delancey Street in Philadelphia pursuant to a warrant. Agents found a Springfield Armory model XD .40 caliber pistol under a mattress in the middle bedroom where Hampton had been sleeping. Following a mistrial later that year, he was convicted after a second

trial on February 3, 2012 on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Hampton timely appealed and the Third Circuit affirmed his conviction, finding that the evidence was sufficient to sustain the jury's guilty verdict. *United States v. Hampton*, 543 F. App'x 206 (3d Cir. 2013).

Hampton now contends his counsel was ineffective for failing to argue his conviction was invalid because of an absence of proof that Hampton knew he was a convicted felon when he possessed the firearm.

## II

A defendant may move to "vacate, set aside, or correct the sentence" under 28 U.S.C. Section 2255 if a subsequent court decision makes clear that the "conviction and punishment were for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974). A district court may dismiss a Section 2255 motion without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)).

Relief under 28 U.S.C. § 2255, however, is available only to "a prisoner who is actually in custody under the sentence which he seeks to set aside." *United States ex rel. Bogish v. Tees*, 211 F.2d 69, 71-72 (3rd Cir. 1954); *see United States v. Ross*, 801 F.3d 374, 379 (3d Cir. 2015) ("The plain text of section 2255 provides relief only to those prisoners who claim the right to be released from 'custody.'"); *see also United States v. Hoffman*, No. CR 01-169, 2022 WL 986506, at *3 (E.D. Pa. Apr. 1, 2022) (denying a Section 2255 petition raising a *Rehaif* challenge because the petitioner was "not in custody under the sentence he s[ought] to vacate"). Hampton is no longer in custody for

his 2012 conviction under 18 U.S.C. § 922(g)(1). Rather, he is serving a sentence for his 2018 conviction for wire fraud conspiracy, wire fraud, attempted wire fraud and aggravated identity theft in *United States v. Hampton*, Crim. A. No. 15-302-02 (E.D. Pa.).¹

Even if his current sentence was established, in part, by reference to his 2012 conviction, Section 2255 does not provide an avenue for relief from the sentence he already served. *See Maleng v. Cook*, 490 U.S. 488, 492-93 (1989) (holding the "in custody" requirement is not met "merely by the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction"); *cf. Daniels v. United States*, 532 U.S. 374, 382 (2001) ("If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse."); *Bonser v. Dist. Att'y Monroe Cnty.*, 659 F. App'x 126, 129 (3d Cir. 2016) ("[A]llowing a petitioner in custody for a later conviction to challenge an earlier, expired conviction would countenance 'end run[s] around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly.'") (quoting *Daniels*, 532 U.S. at 383).

### III

Hampton's motion would be untimely even if he could meet the "in custody" requirement. Ordinarily, a Section 2255 motion must be filed within one year of the

---

¹ Hampton filed a motion seeking relief from his sentence for his separate 2018 conviction on May 3, 2021. *See United States v. Hampton*, No. 15-302-2, ECF No. 484 (E.D. Pa. May 3, 2021).

conviction becoming final. 28 U.S.C. § 2255(f)(1). However, if a "right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review," Section 2255(f)(3) allows the one-year limitation period to begin running from "the date on which the right asserted was initially recognized by the Supreme Court . . . ." 28 U.S.C. § 2255(f)(3).

Whether *Rehaif* is retroactive is not a settled question in the Third Circuit. *Compare United States v. Zarek*, No. 09-168, 2021 WL 4391393, \*1 and \*72-73 (W.D. Pa. Sept. 24, 2021) (holding *Rehaif* "is not applied retroactively to collateral attacks under § 2255") *with United States v. Roberts*, No. 15-387, 2020 WL 6700918, \*2 n.3 (E.D. Pa. Nov. 13, 2020) (noting "growing dispute among district courts concerning whether *Rehaif* is in fact retroactive" and finding "*Rehaif* is retroactively applicable on collateral review"). But Hampton's motion is untimely even if *Rehaif* is retroactive because the case was decided on June 21, 2019, meaning Hampton would have had to file his challenge no later than June 21, 2020. *See* 28 U.S.C. § 2255(f)(3). He filed his motion on May 3, 2021 – more than ten months too late. *See Lanter v. Spaulding*, No. 20-2163, 2020 WL 7480647, \*3 (M.D. Pa. Dec. 18, 2020).

Hampton maintains equitable tolling saves his claim because he was kept from his legal documents while in Bureau of Prisons transit status between November 2019 and January 2021. (Def.'s Pet., ECF 157 at ECF p. 11.) Equitable tolling is available only if Hampton can show: (1) he has been pursuing his rights with reasonable diligence; and (2) some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649. "A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of

4

the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). To qualify for equitable tolling, a petitioner must exercise reasonable diligence throughout the period he seeks to toll. *See Pace v. DiGugliema*, 544 U.S. 408, 418 (2005).)

Hampton has not shown he was prevented from filing his Section 2255 motion during the five months between the Supreme Court's decision and when he was placed in transit status. *See United States v. Cicero*, 214 F.3d 199, 204 (D.C. Cir. 2000) (declining to toll the filing deadline where the petitioner "identified several impediments to his work on the [2255] motion during the last six months" of the limitation period, but he did not suggest "he was prevented from working on the motion at any time before that period"). Moreover, while Hampton's "work may have been interrupted during the final months" when he was placed in transit status, he has not shown that status "presents such 'extraordinary circumstances' as to warrant equitable tolling." (*Id.*)

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

5